**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| | § | |
| EMAS CHIYODA SUBSEA INC., | § | |
| | § | Case No. 17-31139 (MI) |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| EMAS-AMC PTE. LTD., | § | |
| | § | Case No. 17-31141 (MI) |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| EMAS CHIYODA SUBSEA SERVICES, | § | |
| PTE. LTD., | § | |
| | § | Case No. 17-31142 (MI) |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| LEWEK FALCON SHIPPING PTE. | § | |
| LTD., | § | |
| | § | Case No. 17-31143 (MI) |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| LEWEK CONSTELLATION PTE. | § | |
| LTD., | § | |
| | § | Case No. 17-31144 (MI) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA ROV PTE. LTD.,** | § | |
| | § | **Case No. 17-31145 (MI)** |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA LIMITED,** | § | |
| | § | |
| | § | **Case No. 17-31146 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA MARINE BASE LLC.** | § | |
| | § | |
| | § | **Case No. 17-31147 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA MARINE BASE HOLDING CO., LLC,** | § | |
| | § | |
| | § | **Case No. 17-31149 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | **Chapter 11** |
| **GALLATIN MARINE MANAGEMENT LLC** | § | |
| | § | |
| | § | **Case No. 17-31150 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA SERVICES LLC,** | § | |
| | § | |
| | § | **Case No. 17-31151 (MI)** |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA SERVICES** | § | |
| **(UK) LIMITED,** | § | |
| | § | **Case No. 17-31152 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| In re: | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA SERVICES** | § | |
| **B.V.,** | § | |
| | § | **Case No. 17-31153 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| In re: | § | |
| | § | **Chapter 11** |
| **EMAS SAUDI ARABIA LTD.,** | § | |
| | § | **Case No. 17-31154 (MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| In re: | § | |
| | § | **Chapter 11** |
| **EMAS CHIYODA SUBSEA** | § | |
| **(THAILAND) CO., LTD,** | § | |
| | § | **Case No. 17-31155 (MI)** |
| Debtor. | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING <u>RELATED RELIEF</u>**

3

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.  A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 1, 2017 AT 9:30 A.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMAS CHIYODA Subsea Limited ("ECS") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company"), hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto (the "Order") under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and waiving the requirements that the captions and certain notices in these chapter 11 cases contain certain identifying information with respect to each Debtor.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Stephen H. McGuire in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day

Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1015(b) and 2002(n), and Bankruptcy Local Rule 1015-1.

## EMERGENCY CONSIDERATION

3. Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request emergency consideration of this Motion.  Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on interim basis to avoid irreparable harm).  To avoid confusion and facilitate a smooth transition into the Chapter 11 Cases (defined below), it is critical that the cases be jointly administered during the first 21 days, a period during which there will be a significant volume of docket filings and other procedural events.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

6048798v1

## BACKGROUND

**A.    The Chapter 11 Cases**

4.    On February 27, 2017 (the "<u>Petition Date</u>"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>").

5.    The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.    To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "<u>United States Trustee</u>").  No trustee or examiner has been appointed in the Chapter 11 Cases.

7.    The Company is an offshore contractor offering subsea engineering, procurement, construction, transportation, and installation services at every stage of the project lifecycle.   Currently, the Company operates a fleet of eight subsea construction and installation vessels.  Major investments in these industry leading vessels have catapulted the Company to the top tier of deepwater subsea construction service companies.

8.    Additional factual background information about the Debtors, including their business operations, their corporate and capital structures, their restructuring efforts, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[1]

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of an order under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 consolidating the Chapter 11 Cases for procedural purposes only, and waiving, to the extent not satisfied, the requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and certain notices in the Chapter 11 Cases contain certain identifying information with respect to each Debtor.[2]

10.      In addition, the Debtors request that the Court make separate docket entries on the dockets of each of the Chapter 11 Cases (except that of ECS), substantially as follows:

> "An order has been entered in this case consolidating this case with the case of EMAS CHIYODA Subsea Limited, Case No. 17-31146 (MI), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 17-31146 (MI) should be consulted for all matters affecting the above listed case."

11.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

12.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b).  The Debtors in these cases are "affiliates" of each other as that term is defined in Bankruptcy Code

---

[2]      A corporate organization chart of the Debtors and certain non-Debtor affiliates, as of the Petition Date, is attached hereto as Exhibit A.

section 101(2)[3] and as used in Bankruptcy Rule 1015(b).  Thus, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

13.     Moreover, the joint administration of the Chapter 11 Cases will permit the use of a single, general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

14.     Joint administration will avoid the need for repetitive, duplicative, and potentially confusing notices, motions, and applications, and other filings thereby saving time and expense.  In particular, joint administration will permit counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

15.     Moreover, no party will be prejudiced by the relief requested in the Motion.  Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  See, e.g., In re McKenzie Energy Corp., 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) ("Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates.").  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

16.     As the proposed joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of

---

[3]     In particular, affiliate is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor…"  Bankruptcy Code section 101(2).

the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors. Separate claims registers shall be maintained for each Debtor.

17. Under Bankruptcy Code section 342(c)(1), "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The proposed caption contains all of the required information, and, therefore, satisfies the terms of Bankruptcy Code section 342(c)(1).

18. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **EMAS CHIYODA SUBSEA LIMITED,** *et al.,* | : | **Case No. 17-31146 (MI)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.**[1] | : | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: EMAS CHIYODA Subsea Limited (UK) (3187); EMAS Chiyoda Subsea Inc. (Delaware) (7884); EMAS CHIYODA Subsea Marine Base LLC (Texas) (5974); Lewek Falcon Shipping Pte. Ltd. (Singapore) (041E); EMAS CHIYODA Marine Base Holding Co., LLC (Texas) (7463); EMAS Chiyoda Subsea Services Pte. Ltd. (Singapore) (333Z); EMAS-AMC Pte. Ltd. (Singapore) (0442); EMAS Saudi Arabia Ltd. (Saudi Arabia) (0669); Lewek Constellation Pte. Ltd. (Singapore) (376E); EMAS CHIYODA ROV Pte. Ltd. (Singapore) (049M); EMAS CHIYODA Subsea Services B.V. (Netherlands) (4073); EMAS CHIYODA Subsea Services (UK) Limited (Scotland) (3187); EMAS CHIYODA Subsea Services LLC (Delaware) (1728); EMAS CHIYODA Subsea (Thailand) Co., Ltd. (Thailand) (1011); Gallatin Marine Management, LLC (Delaware) (8989). The address of the Debtors' U.S. headquarters is 825 Town & Country Ln, Suite 1500, Houston, TX 77024.

The footnote 1 reference in such caption will set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's tax identification number, and the address of the Debtors' U.S. headquarters.

19.     Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.  Bankruptcy Rules 1005 and 2002(n).  All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, if applicable, and the address of their U.S. headquarters.  Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent, and will be provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

20.     To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by Bankruptcy section 342(c)(1) and/or Bankruptcy Rule 2002(n) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading they file and notice they mail a footnote listing all of the Debtors, the last four digits of their tax identification numbers, if applicable, and the address of their U.S. headquarters.

21.     Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration.  A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number."  This Motion and the

10

proposed order satisfy these requirements.  To the extent the Motion or the Order are deemed not to comply with such rule, the Debtors request a limited waiver.

22.     For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

## NOTICE

23.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' 30 largest unsecured creditors on a consolidated basis; (c) White & Case LLP, counsel to Chiyoda Corporation in its capacity as lender under the proposed postpetition credit agreement and Arnold & Porter Kaye Scholer LLP, counsel to Subsea 7 S.A. in its capacity as lender under the proposed postpetition credit agreement; (d) the lenders under the Debtors' prepetition loan facilities; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (h) any party required to be served under Bankruptcy Local Rule 9013-1(d).  Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made to this Court or any other court.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

6048798v1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Houston, Texas
       February 28, 2017

PORTER HEDGES LLP

By:  */s/ John F. Higgins*
     John F. Higgins (No. 09597500)
     Joshua W. Wolfshohl (No. 24038592)
     Aaron J. Power (No. 24058058)
     Brandon J. Tittle (No. 24090436)
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     Telephone: (713) 226-6000
     Fax: (713) 228-1331

     -and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     George N. Panagakis (*Pro hac vice* pending)
     Justin M. Winerman (*Pro hac vice* pending)
     155 N. Wacker Dr.
     Chicago, Illinois 60606-1720
     Telephone: (312) 407-0700
     Fax: (312) 407-0411

     *Proposed Counsel for Debtors and Debtors in Possession*

6048798v1

**Certificate of Service**

I certify that on February 28, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.

/s/ *John F. Higgins*
John F. Higgins



LEGEND
Debtor Entities
Non – Debtor Entities
Ezra Holdings Limited
(Singapore)
100%
100%
Emas Ghana Pte. Ltd.
Chiyoda Coporation
(Japan)
Emas-AMC Holdings Pte Ltd
(Singapore)
NYK LINE
(Japan)
49%
40%
Sri EMAS
(51% Ghanaian
individual)
35%
25%
EMAS CHIYODA Subsea Limited
(UK)
100%
100%
100%
100%
100%
100%
100%
100%
Emas-AMC AS
(Norway)
Lewek Falcon
Shipping Pte.Ltd.
(Singapore)
EMAS CHIYODA
Subsea Services B.V.
(Netherlands)
EMAS CHIYODA
Subsea Services (UK)
Limited (Scotland)
EMAS CHIYODA
ROV Pte. Ltd
(Singapore)
Lewek Constellation
Pte. Ltd.
(Singapore)
EMAS CHIYODA
Subsea Services Pte
Ltd (Singapore)
Emas-AMC
Pte. Ltd.
(Singapore)
100%
100%
99.97%
EMAS CHIYODA
Subsea Services LLC
(Delaware)
Lewek Constellation
AS
(Norway)
70%
30%
20%
Gallatin Marine
Management, LLC
(Delaware)
Emas Saudi Arabia
Ltd.
(Saudi Arabia)
EMAS CHIYODA
Subsea (Thailand) Co.,
Ltd. (Thailand)
100%
40%
100%
100%
EMAS CHIYODA Subsea Pty Ltd
(Australia)
Fode & Emas Joint Venture
Company Ltd
(Nigeria)
EMAS CHIYODA Subsea Marine
Base Holding Co., LLC
(Texas)
EMAS CHIYODA Subsea Inc
(formerly EMAS-AMC Inc)
(Delaware)
100%
EMAS CHIYODA Subsea
Marine Base LLC (Texas)

**EXHIBIT A**